THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EARL F. ANDERSON and MARY ELLEN ANDERSON, TWIN CEDARS TRUST,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GOLF SAVINGS BANK, et al.,<br><br>                    Defendants. | CASE NO. C14-1788-JCC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION, GRANTING DEFENDANTS' MOTION TO DISSOLVE TRO, AND TERMINATING REMAINING MOTIONS |

This matter comes before the Court pursuant to its order requesting additional briefing (Dkt. No. 37), Plaintiffs' motion for a preliminary injunction (Dkt. No. 38), the response of Defendant Quality Loan Service Corporation (Dkt. No. 41), and the opposition of remaining Defendants (Dkt. No. 43). The Court also considers pending motions to dissolve an Island County Temporary Restraining Order ("TRO") (Dkt. No. 24), Plaintiffs' motion for a TRO (Dkt. No. 26), and Plaintiffs' motion to file an over-length and late brief (Dkt. No. 30).

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** Plaintiffs' motion for a preliminary injunction, **GRANTS** Defendants' motion to dissolve the Island County TRO (Dkt. No. 24), and **TERMINATES** the remaining pending motions (Dkt. Nos. 26, 30) for the reasons explained herein.

## I.      BACKGROUND

The Court does not recite the detailed factual background as stated in its previous order. *See* Dkt. No. 37. Briefly, Plaintiffs oppose the nonjudicial foreclosure of their residence located at 323 Bambi Drive, Camano Island. On October 16, 2014, in Island County Superior Court, Plaintiffs filed their original Complaint, as well as a motion for a TRO to block the imminent foreclosure sale. Dkt. No. 24, p. 2. The TRO was entered by the Island County court, without an expiration date. *Id.* A foreclosure sale of the residence is currently set for February 13, 2015. Dkt. No. 38, p. 1.

Defendant Bayview Loan Servicing, joined by Defendant JP Morgan Chase, moved to dissolve the otherwise-indefinite Island County TRO. Dkt. No. 24. Plaintiffs moved for an additional TRO from this Court enjoining the foreclosure sale until the merits of this case have been resolved. Dkt. No. 26. Finding Plaintiffs' request for a TRO inappropriate, the Court ordered additional briefing as to whether Plaintiffs should be entitled to a preliminary injunction rather than a TRO. Dkt. No. 37. The present motion for a preliminary injunction is understood to constitute Plaintiffs' response to that Court order.

Until now, despite the continued existence of a state court TRO, whether or not Plaintiffs are entitled to a preliminary injunction has not been considered. When the Island County Superior Court granted a TRO, it struck Plaintiffs' proposed findings regarding a preliminary injunction and set a show cause hearing on the issue. *See* Dkt. No. 24, p. 2. Though the show cause hearing was set in state court, the case was removed before the hearing took place. *Id.* As a result, the trustee sale of Plaintiffs' residence has been blocked by a state court TRO with no expiration date. *See* Dkt. No. 24.

Plaintiffs' argument against the foreclosure of their residence relies entirely on a reconveyance document containing a scrivener's error. In 2005, Plaintiffs purchased two

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 2

properties: (1) Lot 3 of Island County Short Plat No. 81/45.23235-329-0340, a vacant lot, and (2) Lot 56 of Camano Laguna Visa, the residence located at 323 Bambi Drive. *See* Dkt. No. 33, p. 2. The two lots were secured by separate mortgage loans from Defendant Golf Savings Bank. *Id.* In 2007, Plaintiffs refinanced the mortgage on the vacant lot, resulting in a full repayment. *Id.* at 3. However, a document entitled "Full Reconveyance" filed February 5, 2007 erroneously listed Lot 56, the residence, as having had "the obligations secured by the Deed of Trust. . . fully satisfied," though it was the vacant lot which had been paid for. *See* Dkt. No. 17-3. This error was later corrected to show the correct property description, Lot 3. *See* Dkt. Nos. 25-1, 39-1 (captioned: "RERECORDED TO CORRECT SCRIVNER'S ERROR LEGAL DESCRIPTION").

Plaintiffs continue to assert that their obligations under the residence mortgage are "fully discharged" and their "debt fully satisfied." Dkt. No. 38, p. 2. Their arguments rely entirely on the mistaken "Full Reconveyance" document, despite their knowledge of the subsequent correction. Plaintiffs offer no other support for their assertion that the mortgage on their residence has been satisfied. *See* Dkt. Nos. 26, 38.

## II.     DISCUSSION

### A.     Preliminary Injunction

Under Fed. R. Civ. P. 65(a),[1] the Court may issue a preliminary injunction after providing notice to the adverse party. A request for a preliminary injunction is evaluated under the familiar four-part test articulated in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). In so evaluating, courts weigh whether or not the party seeking the injunction has

---

[1] Plaintiffs erroneously cite Fed. R. C. P. 65(b), pertaining to TROs, in their motion.

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 3

demonstrated that: (1) he is likely to suffer irreparable harm in the absence of preliminary relief, (2) the balance of equities tips in his favor, (3) he is likely to succeed on the merits, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

      1.   Likelihood of irreparable harm

First, the Court considers the threat of irreparable harm to Plaintiffs. This factor does not require a showing of actual harm, but simply "a strong threat of irreparable harm before trial." *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990) (internal citation omitted). Analysis of this factor leans in Plaintiffs' favor, as the February 13, 2015 trustee sale will result both in a loss of their home and waiver of the right to contest the sale. As Plaintiffs put it, this would nearly amount to their "los[ing] any benefit in bringing their complaint to trial," though the remedy of money damages remains available. Dkt. No. 38, p. 7.

      2.   Balance of hardship to the parties

Second, the Court considers whether the "balance of hardships tips sharply in. . . favor" of Plaintiffs. *Pile Drivers, Divers, Carpenters, Bridge, Wharf & Dock Builders Local Union 34 v. N. California Carpenters Reg'l Council*, 992 F. Supp. 1138, 1147 (N.D. Cal. 1997) *aff'd sub nom. Local 34 Pile Drivers, Divers, Carpenters, Bridge, Wharf & Dock Builders v. N. California Carpenters Reg'l Council*, 139 F.3d 905 (9th Cir. 1998). This factor also leans in Plaintiffs' favor. The hardship potentially faced by Plaintiffs—loss of a home—outweighs the largely theoretical hardship to Defendants—delay of a contested foreclosure sale. Significantly, Defendants do not argue that they will suffer hardship if a preliminary injunction is granted. *See* Dkt. No. 41.

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 4

3.  Likelihood of success on the merits

A showing of likelihood of success to a certain degree is not required for a preliminary injunction to be appropriate; rather, this factor is considered along with the overall analysis of a balance of hardship. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 525 F.2d 86, 88 (9th Cir. 1975). Where, as here, the potential harm to Plaintiffs is "sufficiently serious," it is "only necessary that there be a fair chance of success on the merits." *Id.* The Court, however, finds that Plaintiffs have not demonstrated even a "fair chance" of success on the merits. Rather, Plaintiffs' claim rests exclusively on a "Full Reconveyance" document pertaining to a different parcel of land than the residence in question. While the potential harm faced by Plaintiffs is far from trivial, the Court cannot justify entry of a preliminary injunction based on such flimsy, flagrantly-misleading evidence.

4.  Public interest

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1082 (9th Cir. 2009) (internal citation omitted). Neither party raises a public policy argument with regard to a preliminary injunction here. Consideration of this factor neither favors nor disfavors granting a preliminary injunction.

In light of the four factors set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, with particular emphasis on unlikelihood of success on the merits, the Court finds that a preliminary injunction is not warranted. Plaintiffs' motion for a preliminary injunction (Dkt. No. 38) is hereby **DENIED.**

B.    **Defendants' Motion to Dissolve Island County TRO**

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 5

1    The non-expiring Island County TRO currently blocks the trustee sale of the residence.

2    *See* Dkt. No. 24. In their response briefing regarding dissolution of the TRO, Plaintiffs continue

3    to rely on their unsupported contention that their debts were fully satisfied, *see* Dkt. No. 27, p. 3.

4    It appears to the Court that Plaintiffs seek two windfalls. First, the error contained in the

5    "Full Reconveyance" document—despite not being the product of mistake or inadvertence by

6    Plaintiffs themselves—did not discharge them of their obligation to make continued mortgage

7    payments on their residence. Second, the timing of the removal of their case to federal court may

8    not be used to secure an indefinite state court TRO while they fail to make an adequate showing

9    for a preliminary injunction before this Court.

10

11    Defendant's motion to dissolve the Island County TRO (Dkt. No. 24) is hereby

12    **GRANTED.** *See* Fed. R. Civ. P. 65(b)(4).

13    C.    **Resolution of Other Pending Motions**

14    Due to the Court's action on Plaintiffs' motion for a preliminary injunction and

15    Defendants' motion to dissolve the TRO, Plaintiffs' motion for a TRO (Dkt. No. 26) and motion

16    to file an over-length brief (Dkt. No. 30) are hereby **TERMINATED** as moot. The Clerk of

17    Court is directed to reflect this in the docket.

18

19    **III.    CONCLUSION**

20    For the foregoing reasons, Plaintiffs' motion for a preliminary injunction (Dkt. No. 38) is

21    **DENIED.** Defendants' motion to dissolve the Island County TRO (Dkt. No. 24) is **GRANTED.**

22    The remaining pending motions (Dkt. Nos. 26, 30) are **TERMINATED** as moot.

23    //

24    //

25    //

26

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 6

DATED this 2nd day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' MOTION FOR
A PRELIMINARY INJUNCTION, GRANTING
DEFENDANTS' MOTION TO DISSOLVE TRO,
AND TERMINATING REMAINING MOTIONS
PAGE - 7